a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TUE DINH TRUONG #A061-387-633,<br>Plaintiff | CIVIL DOCKET NO. 1:24-CV-00397<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Tue Dinh Truong ("Truong"). Truong is an immigration detainee at the ICE Processing Center in Jena, Louisiana.

Because additional information is needed to support his claim, Truong must AMEND the Petition.

### I. Background

Truong is a native and citizen of Vietnam. ECF No. 1-2 at 2. He alleges that he was ordered removed on June 15, 2023. *Id.* Truong asserts that ICE has been unable to remove him despite his full cooperation. *Id.* Truong claims that his removal is unlikely to occur in the reasonably foreseeable future because Vietnam has not yet issued travel documents. *Id.*

II. <u>Law and Analysis</u>

Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), it is presumptively constitutional for an immigration detainee to be detained six months beyond the 90-day removal period following a final order of removal. *Zadvydas*, 533 U.S. at 701. After the expiration of the six-month period, a detainee may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). Not every detainee in custody will be entitled to automatic release after the expiration of the six-month period.

A detainee bears the initial burden of proof to show that no such likelihood of removal exists. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). And the detainee must offer more than conclusory statements to support his claim. *Id.* "In order to shift the burden to the Government, an alien must demonstrate that the circumstances of his status or the existence of the particular individual barriers to his repatriation to his country of origin are such that there is no significant likelihood of removal in the foreseeable future." *Galtogbah v. Sessions*, 2019 WL 3766280, at *2 (W.D. La. 2019) (quoting *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2001) (internal quotations omitted)).

Truong alleges that he has been in post-removal detention for over six months, but he does not assert any barriers to repatriation or other reason why his removal is unlikely to occur in the reasonably foreseeable future. He must provide support for this conclusory claim.

### III. Conclusion

Because Truong fails to provide sufficient information to support his claim, IT IS ORDERED that he AMEND the Petition (ECF No. 1) within thirty (30) days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Thursday, April 11, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE