a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TUE DINH TRUONG #A061-387-633,<br>Plaintiff | CIVIL DOCKET NO. 1:24-CV-00397<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Tue Dinh Truong ("Truong"). Truong is an immigration detainee at the Immigration and Customs Enforcement ("ICE") Processing Center in Jena, Louisiana.

Because Truong does not show that his detention is unconstitutional, his Petition (ECF No. 1) should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. Background

Truong is a native and citizen of Vietnam with a final order of removal. ECF No. 1-2 at 2. Truong asserts that ICE has been unable to remove him despite his full cooperation. *Id.* Truong claims that his removal is unlikely to occur in the reasonably foreseeable future because Vietnam has not yet issued travel documents. *Id.*

Truong was ordered to amend his Petition to assert any barriers to repatriation, or other reason why his removal is unlikely to occur in the reasonably

foreseeable future. In response, Truong merely submitted a copy of his removal order. ECF No. 4.

II. Law and Analysis

Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), it is presumptively constitutional for an immigration detainee to be detained six months beyond the 90-day removal period following a final order of removal. *Zadvydas*, 533 U.S. at 701. After the expiration of the six-month period, a detainee may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). Not every detainee in custody will be entitled to automatic release after the expiration of the six-month period.

A detainee bears the initial burden of proof to show that no such likelihood of removal exists. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). And the detainee must offer more than conclusory statements to support his claim. *Id.* "In order to shift the burden to the Government, an alien must demonstrate that the circumstances of his status or the existence of the particular individual barriers to his repatriation to his country of origin are such that there is no significant likelihood of removal in the foreseeable future." *Galtogbah v. Sessions*, 2019 WL 3766280, at *2 (W.D. La. 2019) (quoting *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2001) (internal quotations omitted)).

Truong alleges that he has been in post-removal detention for over six months, and his removal is unlikely to occur in the reasonably foreseeable future. After being

afforded the opportunity to amend, Truong has failed to offer more than this conclusory allegation. Therefore, Truong cannot meet his burden of proof.

### III. Conclusion

Because Truong fails to establish that his detention is unconstitutional, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, May 17, 2024.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE